IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHANIE JOINER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:10-CV-1006-WKW |
| | )              [WO] |
| USAA CASUALTY INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss or, in the Alternative, for Partial Summary Judgment. (Doc. # 33.) Plaintiff responded in opposition (Doc. # 37), and Defendant replied (Doc. # 40).

This suit arises out of Plaintiff Stephanie Joiner's claim for benefits against her insurer, Defendant USAA Casualty Insurance Company ("USAA"), under her un- or under-insured motorist ("UIM") policy. Plaintiff alleges that Defendant breached their contract and committed the tort of bad faith when it denied Plaintiff's claim for UIM benefits. Defendant moved to dismiss the bad faith claim as unripe or, in the alternative, for summary judgment on the bad faith claim. Having considered the arguments of counsel and the relevant law, the court finds that the bad faith claim is ripe, but that it cannot survive summary judgment.

## I.  JURISDICTION AND VENUE

In October 2010, Plaintiff filed suit in the Circuit Court of Autauga County, Alabama, alleging breach of contract, bad faith, unjust enrichment, and fraud[1] on the part of Defendant.  Defendant timely removed the case on the basis of diversity jurisdiction, and diversity jurisdiction is proper.  Thus, the court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441.  The parties do not contest personal jurisdiction or venue, and allegations sufficiently support both.

Defendant argues in its motion to dismiss that the court lacks subject matter jurisdiction to hear the bad faith claim because it is not ripe under Alabama law, citing *Pontius v. State Farm Mut. Ins. Co.*, 915 So. 2d 557 (Ala. 2005) and *Ex parte Safeway Ins. Co.*, 990 So. 2d 344 (Ala. 2008).

## II.  STANDARDS OF REVIEW

A.  <u>**Motion to Dismiss for Lack of Subject Matter Jurisdiction**</u>

A motion to dismiss under Rule 12(b)(1) may assert either a factual attack or a facial attack to jurisdiction.  *McElmurray v. Consol. Gov't of Augusta-Richmond*

---

[1] The parties now agree that the unjust enrichment claim is due to be dismissed for failure to state a claim, as there is no dispute that an insurance contract existed and a claim based on an implied contract will not lie where there is an express contract. *See Vardaman v. Florence City Bd. of Educ.*, 544 So. 2d 962, 965 (Ala. 1989) ("It has long been recognized in Alabama that the existence of an express contract generally excludes an implied agreement relative to the same subject matter.").  Additionally, the parties jointly stipulated to the dismissal of the fraud count shortly after removal.  (Doc. # 14.)

2

*Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Defendants bring a factual attack challenging "the existence of subject matter jurisdiction in fact, irrespective of the pleadings." *Id.*

**B.** **Summary Judgment**

To succeed on summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence and the inferences from that evidence in the light most favorable to the nonmovant. *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact. *Id.* If the movant meets its evidentiary burden, the burden shifts to the nonmoving party to establish – with evidence beyond the pleadings – that a genuine dispute material to each of its claims for relief exists. *Id.* at 324. A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable factfinder to return a verdict in its favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

3

### III.  FACTUAL BACKGROUND

Plaintiff Stephanie Joiner's trip home from the 2009 Prattville, Alabama Fourth of July Parade was more exciting than the parade itself.  As Plaintiff was driving home, a teenage driver took his eyes off the road while reaching for the phone he dropped on his truck's floorboard.  When he looked back up, he met the rear of Plaintiff's Honda.  The parties agree that driver carries the blame for the accident on his teenage shoulders, but there is disagreement about whether the accident is to blame for Plaintiff's jaw pain and resulting surgery.

In April 2009, about two months before the accident, Plaintiff underwent surgery on the right side of her jaw to treat her temporomadibular joint disorder ("TMJ").  When Plaintiff sought treatment at the emergency room the day of the accident, she reported neck and back pain, but no jaw pain.  Later, Plaintiff began experiencing jaw pain, and approximately two weeks after the accident, she saw Dr. Louis, the physician who was treating her TMJ and who performed her earlier surgery.  Dr. Louis observed that Plaintiff's pain had increased considerably after the accident and that it restricted her jaw movement.  An MRI indicated surgery was necessary, and in October 2009, Dr. Louis performed a second surgery to treat her TMJ, this time on the left side of her jaw.

About six months after the accident, Auto Owners Insurance – the insurer for the other driver – offered policy limits of $25,000 to settle Plaintiff's claim against him. Defendant USAA then issued a check to Plaintiff for that amount as a substituted payment for the tortfeasor's settlement offer. The accident had totaled Plaintiff's car, and she suffered injuries to her back and knee, injuries indisputably attributable to the accident.

Defendant did, however, dispute its liability for Plaintiff's jaw pain when she filed a claim for UIM benefits to cover the cost of treatment and the second surgery. At Defendant's request, Plaintiff provided her medical records, including those of Dr. Louis, in support of her claim for UIM benefits. Because Plaintiff suffered from TMJ requiring surgery before the accident, Defendant engaged a dental expert to review Plaintiff's claim and investigate whether the accident caused the pain requiring the later surgery. In March 2010, following a review of Plaintiff's medical records and based upon her education and clinical experience, the expert concluded that the accident did not cause the injuries necessitating a second surgery. The same month, Defendant relied on the report to deny Plaintiff's claim for UIM benefits.

In May 2010, Plaintiff asked Defendant to reconsider its denial. This time, she included a letter from Dr. Louis stating his opinion that trauma from the accident led to Plaintiff's second jaw surgery. Defendant again denied the claim. It reiterated its

position that Plaintiff's jaw problems were not attributable to the accident. Additionally, Defendant concluded that Plaintiff's other injuries fell well within the limits afforded by the $25,000 paid by Auto Owners Insurance and the already exhausted $5,000 in medical payments coverage on Plaintiff's USAA policy. This suit ensued.

## IV.  DISCUSSION

**A.     Ripeness**

Under Alabama law, a bad faith claim for failure to pay UIM benefits is not ripe for adjudication prior to determination of the alleged tortfeasor's fault and the extent of damages. *Pontius v. State Farm Mut. Ins. Co.*, 915 So.2d 557, 564 (Ala. 2005) ("[T]here can be no bad faith action based on conduct arising before the uninsured motorist's liability is established and damages are fixed . . . .").

Here, USAA argues that the "liability" of the underinsured motorist for the jaw injuries has not been established, and until it is, there can be no bad faith claim. But in both *Pontius* and *Ex parte Safeway Ins. Co.*, 990 So. 2d 344 (Ala. 2008), the Supreme Court of Alabama appears to use "liability" to mean fault for the accident when discussing the ripeness of a bad faith claim. Neither party to this case disputes that the teenage motorist who hit Plaintiff from behind breached a duty of care.

Moreover, common sense counsels that this controversy is ripe. It is instructive to consider the alternatives if the court found Plaintiff's claim was unripe. Plaintiff now brings a breach of contract suit against her insurer. To succeed on her breach of contract claim, she must prove that she was entitled to UIM benefits, and doing so requires proof that the UIM is responsible for her injuries. In short, her bad faith claim would, under these circumstances, only become "ripe" when – if ever – liability for breach of contract is established. Defendant's position would require Plaintiff to bring her breach of contract suit, receive a favorable verdict, and only then make a demand on her insurer. This does not comport with the rule under Alabama law that an insured need not obtain a verdict against the alleged tortfeasors before joining her UIM carrier as a defendant. *Pontius*, 915 So. 2d at 564.

The alleged breach has already occurred, unlike in *Pontius*. There, neither the breach of contract claim nor the bad faith claim had become ripe. Here, the action forming the basis of the suit – the refusal to pay – has already occurred. Either it was a breach or it was not; either it was bad faith or it was not. Plaintiff's bad faith claim, like her breach of contract claim, is ripe.

**B.**     **<u>Summary Judgment</u>**

Alabama law recognizes two kinds of bad faith: the "normal" case and the "abnormal" case. *See Jones v. Alfa Mut. Ins. Co.*, 1 So. 3d 23, 32 (Ala. 2008)

(contrasting "normal" and "abnormal" bad faith claims). Under either rubric, Plaintiff has not avoided summary judgment on the bad faith claim.

### 1. "Normal" Bad Faith

To succeed in a normal bad faith, a plaintiff must prove: "(1) the existence of an insurance contract; (2) an intentional refusal to pay the claim; and (3) the absence of any lawful basis for refusal and the insurer's knowledge of that fact or the insurer's intentional failure to determine whether there is any lawful basis for its refusal." *Id.* at 32 (quoting *Acceptance Ins. Co. v. Brown*, 832 So. 2d 1, 16 (Ala. 2001)). To submit a normal bad faith claim to a jury, "the underlying contract claim must be so strong that the plaintiff would be entitled to a preverdict judgment as a matter of law." *Id.* (quoting *Shelter Mut. Ins. Co. v. Barton*, 822 So. 2d 1149, 1155 (Ala. 2001)).

The Supreme Court of Alabama's decision in *Jones* controls this case. There, the plaintiffs brought a bad faith claim against their home- and farm- owner's insurer after it denied the plaintiffs' claim to repair damage to their home. *Jones*, 1 So. 3d at 26. The parties disputed the cause of the damage. The defendant's engineer concluded the brick and sheetrock cracks and caulk separations were due to settlement of the foundation and therefore not covered by the plaintiffs' policy. *Id.* The defendant denied the plaintiffs' claim on this basis, and over the plaintiffs' insistence that Hurricane Opal caused the damage. *Id.*

8

The defendant's motion for summary judgment on the bad faith claim was affirmed because the engineer's "report creat[ed] a question of material fact that would preclude the [plaintiffs] from receiving prejudgment as a matter of law on the underlying breach-of-contract claim." *Id.* at 34. Likewise, summary judgment in favor of Defendant USAA on Plaintiff's bad faith claim is appropriate here. The conclusion of Defendant's expert that the accident did not cause Plaintiff's jaw pain or necessitate a second surgery creates an issue of fact on the breach of contract claim that a jury must resolve.

On the record before the court, a reasonable juror could conclude that the accident *did* cause Plaintiff's jaw injury. But, a reasonable juror could also conclude that the accident *did not* cause Plaintiff's jaw injury. Under Alabama law, where there is a genuine dispute of material fact on a plaintiff's breach of contract claim, the defendant is entitled to summary judgment on a bad faith claim arising from the contract. *Id.*

### 2. "Abnormal" Bad Faith

Under Alabama law, an "abnormal" case of bad faith involves "(1) intentional or reckless failure to investigate a claim, (2) intentional or reckless failure to properly subject a claim to a cognitive evaluation or review, (3) the manufacture of a debatable reason to deny a claim, or (4) reliance on an ambiguous portion of a policy as a lawful

basis for denying a claim." *Jones*, 1 So. 3d at 32. Unlike a normal case of bad faith, a plaintiff in an abnormal bad faith case need not prove she is entitled to judgment as a matter of law on the underlying breach of contract claim. *Id.* (citing *White v. State Farm Fire & Cas. Co.*, 953 So. 2d 340, 348 (Ala. 2006)).

A plaintiff may not raise a new claim for the first time in her response to a summary judgment motion. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). Though Plaintiff argues abnormal bad faith in her brief opposing Defendant's motion for summary judgment, she did not plead facts suggesting her bad faith claim was an "abnormal" one. This alone would be enough to prevent her bad faith claim from going forward based on a theory of abnormal bad faith.

Assuming Plaintiff did plead facts suggesting abnormal bad faith in her complaint, summary judgment is nonetheless appropriate. The unrefuted evidence illustrates that Defendant investigated Plaintiff's claim, as it hired an expert to review her injuries. The same evidence establishes that Defendant subjected Plaintiff's claim to a cognitive evaluation and indicates that the reason to deny the claim was not pretextual. Finally, there is no allegation that Defendant relied on an ambiguous portion of the policy to deny the claim.

## IV.  CONCLUSION

Accordingly, it is ORDERED that Defendant's Partial Motion for Summary Judgment (Doc. # 33) is GRANTED as follows:

1. Summary judgment is GRANTED in favor of Defendant on Plaintiff's bad faith claim and that claim is DISMISSED with prejudice;

2. The motion is otherwise DENIED.

DONE this 8th day of January, 2013.

                                                /s/ W. Keith Watkins
                                    CHIEF UNITED STATES DISTRICT JUDGE